Good morning, Your Honor. If I may proceed, my name is John Jordan, and I represent the appellate in this case. Your Honor, as I'm sure you're aware, two days ago, this Court in Gibson v. Ortiz Well, we're not as aware as we should be because you filed a 28-J letter. You say you wish to bring to our attention the case of Gibson v. Ortiz, but you failed to identify in the letter what point it refers to. 28-J requires you to tell us what in the world the case is about. I'm sorry. And how it relates to the thing. Have you read 28-J lately? Yes, Your Honor. Well, see, read it. We get this thing, and we're like, oh, well, that's good, but what does it relate to? Help us out. It's 24 pages long, so where do we look? Well, Your Honor, as I understand the case of Gibson, it relates to basically the second half of my brief relating to the issues of whether the jury charge given here by the State district court impermissibly lowered the burden of proof as to the evidence of propensity to commit sexual crimes. By allowing them to find the existence of that evidence. By a preponderance of the evidence. And Gibson v. Ortiz rules pretty much in your favor on that. It does, and it also helps me with my final point of what prejudice I have to show in that it recognizes, I think under Sullivan, that it's a structural error and that this court shouldn't try to guess what the jury would have done had it been charged correctly. Well, the problem I have with this point is that it appears that you're the victim, for the lack of a better word, of procedural default. And so we don't even have jurisdiction to look at this issue because you never raised it in constitutional terms at the trial level. Not you, you probably weren't the trial lawyer, but it wasn't raised. And when that issue then became an issue up above in the court of appeal, and later on the court ruled it adequately and independently state-ground based, that they wouldn't hear it because you'd forfeited your opportunity to pursue it. So why isn't that a procedural bar? That's the issue that separates this case from Gibson v. Ortiz. I totally win. I think it isn't, Your Honor, and this is my reasoning. To be an adequate bar, as this Court has recognized in other cases, it has to be clearly, consistently applied and well-established. And there seems to be a well-established rule to the contrary in California state courts that the court of appeals in California can view, for the first time on appeal, challenges to the jury instructions. And I cited the court of appeals case of People v. Anderson and also the California Supreme Court case of People v. Breverman in both my blue brief and the reply brief. That seems to be an exception to the general rule that on appeal you can only review things. Well, I mean, let me back up and make sure I'm following you. The objection to the evidence that was offered in the trial court was that the evidence was not the same or similar to the conduct charged as required by 1108 and, two, that it was highly prejudicial under Section 352. So what do you mean that they can entertain attacks on instructions for the first time? I mean, the problem here deals with failure to object on a federal constitutional ground to that evidence at the trial court level. Well, the failure to object is that the jury instruction given was incorrect, that you shouldn't instruct a jury that it can find by a preponderance of an evidence that this defendant committed prior similar sexual acts. That's the improper jury question. The facts are clear. The trial defense counsel objected on the grounds Your Honor stated. He didn't state the constitutional ground. Did he object to the instruction? He did, I believe, object to the instruction, or rather, I believe what he did is he filed a request for ---- I didn't see any objection to the instruction either. Did I miss it? Your Honor, what I saw in the Attorney General's supplementary excerpts of record was a pleading he filed that if you're going to give this, please give this additional facts to ---- I'm looking at ---- The error excerpt of record is 31. But I don't mean to suggest in any way that he did object on constitutional grounds below. He did not. But I thought ---- Okay. So how do we get out of that? I mean ---- I think under the Anderson and Braverman decisions that say if there is a jury instruction that's an error, and if it affects substantial rights, as the Anderson case said, the courts can still consider it even though the defendant failed to object in the trial court. That's a quote. But that's a different point. That seems to me to say we can save you on appeal if you didn't object in the trial court, which is separate from the Federal line of cases, which is if you didn't raise a constitutional challenge in the State court, you can't now come and do it in the Federal court. So it seems kind of like we have parallel lines of cases and they don't really intersect. I understand, Your Honor, but ---- What's your best authority to ---- My best argument ---- What authority would we look to to say failure to raise a constitutional question in the State court can be overcome and we can still hear the Federal constitutional claim in Federal court? If I might break that down, I believe Calderon v. U.S. District Court at 96F3-1126 would support my argument that this rule that the California Court of Appeals couldn't hear it for the first time on appeal isn't well applied because there is this exception. Okay. Let's say they could hear it, but they still don't have in front of them a constitutional challenge. If Your Honor were to think that it was way below and I'm not saved by that, I think you could still hear the case because it is a, I believe, a fundamental miscarriage of justice under Coleman in that it did lower the burden of proof. And this Court in Gibson recognized that the error was so fundamental that it's structural. So we have that gateway, I think, through that. Although I still think that the California courts in their language saying you can raise these issues from jury sources for the first time on appeal, it's unfair to then say, well, but here you should have known you should have done it, when I think the California courts do regularly hear, particularly in death penalty cases, issues of whether the trial court failed to sui sponte charge as they should have. But I thought that the issue as to the jury instruction was raised on appeal in the California courts, but solely on the basis that it was implementing the statute. That's not a Federal constitutional claim, is it? Going to the California opinion, they did discuss whether or not in its analysis, and I have it in my excerpts of Record 106, they did discuss this jury instruction, this 1999 version of Cal JIC 2.50.01, violating due process, and they say it requires little additional analysis. So I think they did look at this particular claim. They did say it was procedurally barred, but they also went on the merits. As to Judge Ilston below, she said, well, the California court of appeals found it procedurally barred, but I'll also go on the merits. So I think the issue was squarely presented in both the California court of appeals and in the U.S. district court. Of course, the California Supreme Court, I believe, had a postcard denial, so, you know, we have to go back to the last reasoned opinion of the California court of appeals. But I think the California court of appeals did look at this issue. I understand the rule is that doesn't mean that I win on the procedural bar, just because they looked at it alternatively. But the issue was presented in the California court of appeals. It was ruled on. And I think I get around the preclusion issue with this understanding that California court of appeals and Supreme Court will look at jury errors for the first time on appeal. Would you care to retain a minute and a half for rebuttal? Thank you, Your Honor. All right. Good morning, Your Honors. And may it please the Court. Amy Haddix appearing for the people of California, Mike Knowles-Morden as appellees in this case. With respect to the procedural default, I would like to make a couple of comments. As this Court has pointed out, there are several independent bars that come into play in this case. First of all, we have the independently applied and regularly applied state rule that you must make an objection and a constitutional objection in the trial court in order for you to raise that issue on appeal. The state appellate court identified that as a procedural bar as to both the admission of evidence and the instruction on the evidence. And in brief, what the trial court counsel objected to was simply the fact that he felt that the evidence should have been excluded under evidence code section 352, a state evidentiary rule. He did not raise a constitutional challenge. That formed an independent state bar, which was then carried through by the district court in this case. As this Court has also pointed out, you have an independent federal rule that says in order to raise a federal constitutional challenge, that federal constitutional challenge must be presented to the state's highest court. What's the Supreme Court's seminal case on that issue? I'm sorry? What's the United States Supreme Court's leading case on that issue? I'm sure it's cited in my briefing. Is it ducat? I'm sorry. I don't have that. Well, you give us a proposition. What's your authority for it? I have cited, I believe, the proposition for procedural default in my brief. I can take a moment to take a look at that. That's okay. If you don't remember it, go ahead. Okay. It would be, well, I've got Thomas v. Lewis cited in my case and Coleman v. Thompson, Your Honor. And that appears at page 11 of my brief. I'm sorry. I didn't have those authorities readily at hand. What I'd also like to point out is that the issue raised in the state's highest court is different from the issue that is now presented before this Court for the first time in the Ninth Circuit. What the defendant argued in the state's highest court was simply that he found 1108 unconstitutional in the sense that it allowed a propensity inference that was impermissible. That issue, of course, was not raised in the lower court and is independently barred for that reason. But that issue does not present, I've argued, the federal constitutional challenge to the jury instruction, which is now being presented for the first time in this Court. And that would also raise questions of exhaustion, which I've pointed out in this brief. I guess that's another question. Two things. It is troubling, of course, that we have this new case out that implicates the constitutionality of the California jury instruction. If what he raised in the state supreme court, you know, was off by five degrees, then should there be some procedure to hold this in abeyance and send it back while he exhausts the constitutional claim? That's part one. That's an exhaustion theory. Could he go back and now exhaust the claim? And secondly, what about cause and prejudice on the procedural default? Well, let me address that question first. As I've argued in the district court briefing and in the briefing in this court, there was no attempt to establish cause or prejudice for the procedural default. So I believe it would be inappropriate to address that for the first time in this case, given that there was no attempt to establish that in the district court at all. As to the question of exhaustion and abeyance. You consider that waived as a matter of procedurally waived at this point? That's correct, Your Honor. I've argued in the district court that there was no attempt to make that argument, and the district court found that true as well. With respect to exhaustion, I believe that the principle is accepted that if this issue has been batted around in the state appellate courts for a sense as long as CALJIG 2.50.01 has been in existence, there's no question that these issues were familiar to the defendant at the time of the state court proceedings, both in the trial court and in the court of appeal. So there's absolutely no excuse for the defendant to have not presented the constitutional component of this challenge, which this challenge was obviously raised by the defendant in Gibson v. Ortiz all through that proceeding. And I'm sorry I'm not familiar with the dates, how they relate to this trial, but I certainly know from my practice in the state court that that issue has been around for a significant period of time. And his counsel didn't raise it? That's correct, Your Honor. Does that suggest a Strickland problem? If it's been around for that long and everybody knows about it and this lawyer didn't raise it, isn't that a failure on the part of the lawyer to adequately represent the client? Well, I go back to my earlier comment, Your Honor, that there was no attempt in the district court to argue cause or default, nor was there an attempt at the state appellate level. A cause and default Strickland claim must be exhausted at the state appellate court level as well. This back to exhaustion, maybe he has two claims he can go back and exhaust in the state courts. And under the California system, he presumably could try to do that still, correct? Your Honor, I think that there's no excuse for failure to exhaust those in the first instance in this case. If I may point out as to the ---- That's different. You're saying there's no excuse. We're in Federal court where you're now telling us he didn't actually exhaust these claims. So we don't then figure out whether there was excusable neglect or anything. If he didn't exhaust them, we kick them back basically, don't we? And then the state court figures out whether there's a problem with the timing. So in other words, that's not our job, that's the state court job, is it not? If I can make two observations in that regard, I think a question of whether this defendant wanted to raise additional claims should have been addressed at the first instance in the district court. And there was absolutely no attempt to do that or to hold it in advance in the district court. So in that sense, I think it would be waived at this point in the litigation. If I may also make a quick ---- I'm trying to understand. Is exhaustion a jurisdictional matter on our part? In other words, if he has unexhausted claims, do we have jurisdiction to review those? No, Your Honor, you do not. Okay. So what did he waive then in the district court if the district court couldn't consider non-exhausted claims? Well, Your Honor, he waived an opportunity to hold those in abeyance or to at least request that. He made absolutely no request in that regard in the district court, and the district court pointed out that there was no attempt to show cause or prejudice for failure to exempt him from the procedural default. Procedural default is separate from exhaustion. We always keep merging. This stuff is complicated. I understand. But if there was procedural default in the state court for failure to raise the, quote, constitutional claim and he didn't raise cause and prejudice, that might be waived. Right. And on the exhaustion line, did the district court rule that these were unexhausted? Well, Your Honor, the claims that he presented in the district court were exhausted in the sense that he had raised those identical claims in the state's highest court. My point regarding exhaustion, which becomes a little confused because of the procedural posture of this case, is that this is the first time that he's presenting a constitutional challenge to this instruction in this court. In that sense, it's not exhausted because he hasn't gone through he didn't raise in the state appellate court a constitutional challenge to the instruction that it lowered the burden of proof. He didn't argue that in the federal district court. In the federal district court, we said, yes, the claim that he's raising is exhausted, but it was also procedurally defaulted. Now the claim is completely metamorphized yet again, and now he's claiming that it was a change in the burden of proof and that the instructions lowered the burden of proof. That claim wasn't raised at all in the state court, nor was it raised in the district court. So the idea that he could go back now and exhaust that claim or assert a procedural default for failing to exhaust that claim, neither of which were presented below, seems exceedingly lenient to me. Thank you for that clarification. So really you're saying the first time he raises the burden of proof issue is in the court of appeals? In this proceeding, Your Honor, yes. And I apologize that it is confusing. I mean, in one sense we've addressed what I think are the procedural default claims, but there is certainly in the body of the text relating to the instruction a very explicit discussion about the fact that this is the first time in this proceeding that he's challenging this instruction on the question of burden of proof. So what are you asking us to do and why? Well, Your Honor, I'm asking you to deny, obviously, his claim for relief and uphold the district court judgment on two bases. One is that it's procedurally defaulted to the extent that he's trying to raise a constitutional challenge to the admission of evidence and a parallel challenge to the instruction based upon the fact that it violates general rules against propensity. Those claims are procedurally defaulted and they should be denied. There's no cause or prejudice to excuse that failure to object on those grounds. And the second thing I'm asking you to consider is to the extent that he is raising in this proceeding a challenge to the instruction on the independent grounds that it changes the burden of proof to find that that question was not fairly presented either in the state court or in the district court, that that is a new issue presented here for the first time on appeal. So it's not only unexhausted, but it's also barred by your general rules of procedure, not allowing a defendant to raise an issue for the first time on an appellate proceeding. Thank you, counsel. I don't know if the court would grant me leave to make just a couple of comments about Gibson v. Ortiz. I'd be happy to do that if you'd like to hear about it. Well, it's a new case. Go ahead. I mean, you probably got hit by it in just a couple of days, too. Go ahead. I just want to emphasize that Gibson v. Ortiz is highly distinguishable from the facts in this case. Gibson v. Ortiz involves the original version of 2.50.01, which has been modified. Gibson v. Ortiz acknowledged that there was a significant modification to the instruction in 1999, and the case presented here involves that modified instruction, not the original instruction. So based upon the instruction that was given in this case, the jury was clearly told that it could not rely solely upon propensity evidence to find the defendant guilty of the charged offenses, and also that the elements of the charged offense must be proved beyond a reasonable doubt. In addition, unlike in Gibson, the trail court went on in this case to give further clarifying instructions above and beyond those that were given in the revised version of 2.50.01, and that appears at supplemental excerpts of record, page 123. And the trial court specifically said to the jury, with regard to the alleged prior uncharged offense, the burden of proof is a lesser standard by a preponderance of the evidence. I want you to clearly understand that, although the burden of proof as to the prior uncharged offense is preponderance of the evidence, that does not lessen in any way the burden which must be satisfied by the prosecution as to the current charged offenses. So, again, the burden of proof as to the prior alleged uncharged conduct is preponderance of the evidence, a lighter burden, but the burden as to the crime alleged as between Mr. Darn and D.H. is proof beyond a reasonable doubt. We'll try and keep those concepts separate, and I will revisit the subject in my later instructions to you. The good thing that the jury was made up of J.D.s, isn't it? Excuse me? I say it's a good thing that the jury in this case was made up of people with J.D. degrees. Well, Your Honor, it certainly is recognized that the jury, although these are complicated instructions, is able to parse them out and follow them accordingly, and that's a principle that has been recognized over and over. They call that a fiction for good reason. Yeah. Well, it is a fiction that the United States Supreme Court follows, and I would ask you to follow it as well, Your Honors. The world won't work without fictions. Do you have anything else? No, Your Honor. Just with that point, distinguishing Gibson, I would submit it. Thank you, Counsel. Thank you. Just briefly, Your Honors. Would you answer the precise question of whether or not the burden of proof issue as a constitutional challenge was raised in the district court? I think it was, and I have the district court's opinion here in my excerpts, and she lists on page, my excerpt 66, page 2, that the fourth point is whether the trial court violated Dorn's right to due process when it gave certain jury instructions on the admissibility and weight of prior evidence. And she cited – I mean, it's a pro se brief, and it's hard to read the writ, but she cites the petition as writ. And then in the end of her opinion, she squarely addresses the issue on her page 17, excerpts from record 81. The instruction did not so infect the trial that the resulting convictions violated due process, correct statement of California law, and it did not alter the burden of proof, talking about the burden of proof remaining on the prosecution. Okay. Well, what about exhaustion? Because the district court says the parties don't dispute that the state court remedies were exhausted for the claims in the petition. But now I'm hearing from the Attorney General that, in fact, there wasn't exhaustion with respect to this burden of proof claim. Well, I think they were exhausted. Perhaps he was more general in his statements, and I hope I've honed his argument and focused it. But I think he did raise it, and the district court certainly reached it. So – and there was no objection below. There was no motion for clarification saying, wait a minute, you shouldn't even be reaching that because that was not exhausted. Do you have any response to what the Attorney General read us from the case? It does seem that this case stands on a completely different footing, because the trial judge, whether the trial judge used interesting language or not, made a very deliberate attempt to clarify the difference between the other evidence and the requirement of guilt beyond a reasonable doubt. Your Honor, I think that gets to something Gibson made clear. Those instructions, even as given here, are just inherently contradictory. You're telling the jury, find these facts beyond – by a preponderance, which is really just more likely than not. Okay. Then once you find that, then you can use those facts as proven to then find him guilty beyond a reasonable doubt. So I think it's just inherently contradictory. You're telling them, yes, you must find him guilty beyond a reasonable doubt. But in getting there, when you add up all the facts on the blackboard that show him whether he's guilty, these facts have to be proven beyond a reasonable doubt. But you can add some more facts that have just been proved by a preponderance. And what kind of facts are we talking about? Facts about propensity evidence, which has been kept out of this jurisprudence for a long time. So fairly prejudicial facts come in under a lower standard. The jury can put those on the blackboard in the same column with the other facts proven beyond a reasonable doubt, look at it and say, okay, he's guilty beyond a reasonable doubt. Those instructions, I think, just don't work. Thank you, counsel. The case just argued is ordered submitted. Ryle versus Merck. Thank you.
judges: Trott, McKeown, Shadur